UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SERENA OWEN, | ) |
| Plaintiff, | ) Civil Action No. 1: 21-179-DCR |
| V. | ) |
| JUDGE DOUGLAS COLE, et al., | ) **MEMORANDUM OPINION** |
| Defendants. | ) **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Serena Owen has filed a *pro se* Complaint which appears to be largely duplicative of a Complaint she filed in a separate action already pending in this Court. Apparently displeased with the proceedings in the earlier-filed case, Owen's new Complaint includes claims against the judges and some of the attorneys involved in that matter. Because the judges are entitled to absolute judicial immunity with respect to Owen's suit, the claims against them will be dismissed.

I.

Owen filed a lawsuit against United Way of Greater Cincinnati ("United Way") and Margaret Hulbert in September 2019. [S.D. Ohio Civil Action No. 1: 19-825] At the time of the 2019 action, Owen was represented by attorneys Evan McFarland and Matthew Bruce of the Spitz Law Firm. She alleged that United Way and Hulbert discriminated against her based on race and disability, in violation of state and federal law. The case was randomly assigned to United States District Court Judge Douglas R. Cole.

On April 6, 2020, the Court dismissed Owen's claims against Hulbert and three of the claims asserted against United Way based on the parties' "stipulated partial dismissal." Then,

on August 25, 2020, the Court referred the matter to United States Magistrate Judge Stephanie K. Bowman for the purpose of conducting a settlement conference. Magistrate Judge Bowman held a settlement conference on November 23, 2020, during which Owen's remaining claims were tentatively resolved. The Court dismissed the action with prejudice the following day, but provided that any party, within 30 days upon good cause shown, could reopen the action if settlement was not completed. *Id.* at Record No. 18.

Thirty-five days later, on December 29, 2020, Owen filed a *pro se* motion for relief from the order of dismissal. Shortly thereafter, Evan McFarland and Matthew Bruce filed motions to withdraw, which were granted. Owen's *pro se* motion, as well as United Way's motion to enforce the settlement, remain pending in that action. Owen also filed a *pro se* motion seeking District Judge Cole's and Magistrate Judge Bowman's recusal.

On March 16, 2021, Owen filed the present *pro se* Complaint expressing her dissatisfaction with the settlement conference and related proceedings in the 2019 case. She claims that the settlement conference was "harmfully long" and that neither the judges nor her attorneys provided unspecified accommodations for her disabilities. [Record No. 1, ¶¶ 1-2] Owen further contends that Magistrate Judge Bowman "yelled at [her] to hurry up because it was getting late" and "was on United Way's side." *Id.* ¶ 1. When she asked the magistrate judge for a copy of the settlement agreement, Bowman and McFarland purportedly told Owen that she would receive a copy after the attorneys finished drafting it. *Id.* ¶ 7. Finally, Owen alleges that, on an unspecified date, she emailed Magistrate Judge Bowman "informing [her] that [she] was exercising [her] 30 days to not take the settlement with United Way." *Id.* ¶ 7.

District Judge Cole does not feature as prominently in Owen's factual recitation. However, Owen claims that he "posted on the internet his dismissal /w prejudice of [her] civil

rights race and disability case" the day after mediation. *Id.* ¶ 3. She also claims that he dismissed parts of her case "without her consent or knowledge." *Id.* ¶¶ 3-4.

It is unclear whether Owen seeks monetary relief from the judges. *See id.* at p. 8 ("Relief"). However, it appears that she seeks injunctive relief requiring District Judge Cole and Magistrate Judge Bowman to recuse from the underlying civil action. Additionally, she seeks reversal of District Judge Cole's decision dismissing portions of her underlying Complaint.

## II.

Although Owen is proceeding *pro se* and has paid the applicable filing and administrative fees in this case. Therefore, the Court does not formally screen the Complaint pursuant to 28 U.S.C. §§ 1915A or 1915(e)(2). However, the Court may dismiss a complaint *sua sponte* for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Dismissal under this rule is appropriate if the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Judges are entitled to absolute immunity for actions for monetary damages arising out of all acts performed in the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Newsome v. Merz*, 17 F. App'x 343, 345 (6th Cir. 2001). "[J]udicial immunity is not overcome by allegations of bad faith," and "applies even when the judge is accused of acting maliciously and corruptly." *Id.* (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Accordingly, Owen is categorically barred from recovering money damages from these defendants based on the conduct alleged, which was performed solely in the course of their judicial functions during the 2019 civil case.

Next, Owen has not alleged any cognizable cause of action to the extent she seeks prospective injunctive relief from Distrcit Judge Cole and/or Magistrate Judge Bowman.  *See Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984) (holding that judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in his or her judicial capacity).  In this case, Owen apparently is displeased with District Judge Cole's rulings and the fact that they appear in the public docket.  Additionally, she contends that Magistrate Judge Bowman "yelled" at her and took United Way's side during mediation.

However, a litigant cannot sue a judge because she is unhappy that a part of her lawsuit has been dismissed.  Instead, a litigant wishing to challenge a judge's decision may file an appeal in the appropriate court of appeals *in accordance with the applicable rules*.  Owen is free to pursue her motion for recusal in the underlying action, but it does not form the basis of an independent cause of action for which she may seek injunctive relief in a separate lawsuit. *See* 28 U.S.C. § 455; *Cohee v. McDade*, 472 F. Supp. 2d 1082, 1084 (S.D. Ill. 2006) (citing *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) (explaining that a motion to recuse must be decided by the judge whose impartiality is being questioned)); *Church of Scientology Int'l v. Kolts*, 846 F. Supp. 873, 881-82 (C.D. Cal. 1994) (concluding that the Code of Conduct for United States Judges does not create a private cause of action).

Based on the foregoing, Owen's claims against District Judge Cole and Magistrate Judge Bowman are frivolous.  Therefore, dismissal is appropriate under *Apple v. Glenn*.  *See Metzenbaum v. Nugent*, 55 F. App'x 729 (6th Cir. 2003) (affirming district court's *sua sponte* dismissal of complaint under *Apple* because the named defendant, a judge, was entitled to absolute judicial immunity); *Forbush v. Zaleski*, 20 F. App'x 481 (6th Cir. 2001) (same).

Accordingly, it is hereby

**ORDERED** that the plaintiff's claims against United States Judge Douglas R. Cole and United States Magistrate Judge Stephanie K. Bowman are **DISMISSED** with prejudice.

Dated: April 7, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky