UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SERENA OWEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1: 21-179-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JUDGE DOUGLAS COLE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Serena Owen filed a lawsuit against her former employer, United Way of Greater Cincinnati, in September 2019. She asserted a variety of claims arising under federal and state law. [S.D. Ohio Civil Action No. 1: 19-825] Apparently displeased with how that proceeding was going, she filed the instant *pro se* action in March 2021, in which she realleged the same claims against United Way, added a few new claims, and joined as defendants the attorneys who represented her in the original action.[1]

The matter is now pending for consideration of United Way's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Record No. 14] Because Owen's claims are barred by res judicata or fail to state a claim upon which relief may be granted, United Way's motion to dismiss will be granted.

**I.   Background**

Represented by attorneys from the Spitz Law Firm, Owen filed suit against United Way and her former supervisor Margaret Hulbert on September 27, 2019. Owen alleged that, after

---

[1] Owen also sued the judges who presided over the original action, but the claims against them were dismissed on April 7, 2021. [Record No. 13]

- 1 -

she began working for United Way on January 17, 2017, the defendants discriminated against her based on her race in violation of Ohio Revised Code ("O.R.C.") § 4112 *et seq*. and Title VII of the Civil Rights Act of 1972; that they discriminated against her and failed to provide accommodations for her disabilities in violation of O.R.C. § 4112 *et seq.* and the Americans with Disabilities Act; that they retaliated against her and wrongfully interfered with her rights under the Family and Medical Leave Act; and that they wrongfully terminated her employment for pursuing a worker's compensation claim. [Civil Action No. 1: 19-CV-825, Record No. 1]

Owen agreed in April 2020 to dismiss her claims against Hulbert, as well as some of the claims against United Way. Then, in August 2020, District Judge Douglas Cole referred the case to Magistrate Judge Stephanie Bowman for purposes for conducting a settlement conference with respect to Owen's remaining claims against United Way. The parties participated in a settlement conference with Magistrate Judge Bowman on November 23, 2020. The Court dismissed the action the following day, stating:

> The Court has been advised that this action has settled. The Court therefore **DISMISSES WITH PREJUDICE** this action, but provides that any party may, within **30 days** and upon good cause shown, reopen the action if settlement is not consummated. The Court expressly and explicitly retains jurisdiction to enforce the settlement agreement of the parties.

[Record No. 18]

Thirty-six days later (December 29, 2020), Owen filed a *pro se* motion for relief from judgment, asserting a variety of reasons the settlement agreement should not be enforced. [Record No. 19] Among the reasons given: she was not "mentally/emotionally present" during the mediation because two family members had died recently; her attorneys threatened her; and the mediation lasted too long. Owen's attorneys filed a motion to withdraw from the case the following day. The Court granted the attorneys' motion and granted Owen's *pro se*

request for additional time to find new counsel. Owen did not retain a new attorney but did file three additional *pro se* motions seeking to set aside the Order dismissing the case in early 2021. United Way filed its own motion to enforce the judgment. [Record No. 26] Owen eventually stopped participating in the case, failing to appear at two status conferences in April 2021, despite the Court's repeated efforts to provide her notice.

Owen filed the *pro se* Complaint in this action on March 16, 2021. [Civil Action No. 1: 21-CV-179] Although Owen added Judge Cole, Magistrate Judge Bowman and attorneys Brian Spitz, Evan MacFarland, and Matthew Bruce as defendants, the individual allegations closely resemble those alleged in the underlying lawsuit—to wit: racial and disability discrimination in violation of Ohio and federal law and wrongful termination for filing a worker's compensation claim. She also presents what appear to be new claims for "withheld wages," under O.R.C. § 4113.15 and "personal liability" under O.R.C. § 4112.

United Way filed a motion to dismiss the claims asserted against it on April 12, 2021. It argued that Owen's racial discrimination, state-law disability discrimination, and worker's compensation retaliation claims are barred by res judicata. [Record No. 14-1] United Way further contended that Owen's claim of disability discrimination in violation of the ADA must be dismissed because she failed to exhaust her administrative remedies. United Way additionally argued that the wrongful termination and withheld wages claims should be dismissed based on the applicable statutes of limitations. Finally, it contended that the claim for personal liability against Margaret Hulbert should be dismissed because there is no individual liability for employment discrimination under Ohio or federal law. Owen did not respond to United Way's motion. On April 26, 2021, Judge Cole issued an Opinion and Order in the underlying case enforcing the settlement agreement achieved at mediation.

## II.     Standard of Review

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court makes all reasonable inferences in favor of the non-moving party, the plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id.* (citing *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 556 (2007)). The Court primarily considers the allegations in the complaint, but also may consider matters of public record, orders, items appearing in the record, and exhibits attached to the complaint. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

A defendant may raise the affirmative defense of res judicata in a motion to dismiss under Rule 12(b)(6). *Wolfe v. Bank of New York Mellon*, 2015 WL 12734085, at *4 (S.D. Ohio Mar. 16, 2015) (citing *Rushford v. Firstar Bank, N.A.*, 50 F. App'x 202, 203 (6th Cir. 2002)). However, the propriety of such a motion is predicated upon the complaint showing on its face that the affirmative defense applies. *BellSouth Telecomms., Inc. v. Ky. Pub. Serv. Comm'n, et al.*, 2008 WL 5173334, at *6 (E.D. Ky. 2008) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2008)). When considering a motion to dismiss, the Court may take "judicial notice of another court's opinion not for the truth of the facts recited therein, but for the existence of the opinion." *Id.* (quoting *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008). Considering such

opinions and other public records does not convert the motion to dismiss to a motion for summary judgment. *Id.*

## III. Discussion

### A. Claims Barred by Res Judicata

United Way argues that Owen's claims for racial discrimination in violation of O.R.C. § 4112.02 and Title VII, disability discrimination in violation of O.R.C. § 4112.02, and worker's compensation retaliation claims are barred by res judicata. This doctrine provides that a final judgment rendered on the merits by a court of competent jurisdiction is a complete bar to a subsequent action on the same claim between the same parties. *State ex rel. Oliver v. Turner*, 109 N.E.3d 1204, 1208 (Ohio 2018). Res judicata (also known as claim preclusion) has four elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or should have been litigated in the prior action; and (4) an identity of the causes of action." *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Bittinger v. Tecumseh Prods. Co*, 123 F.3d 877, 880 (6th Cir. 1997)); *Grava v. Parkman Twp.*, 653 N.E.2d 226, 228-29 (Ohio 1995).

United Way has demonstrated that each element is satisfied for the above-mentioned claims. The plaintiff voluntarily dismissed her claims against United Way in the underlying action. The settlement agreement was upheld as enforceable per the Court's April 26, 2021 Opinion and Order. A voluntary dismissal with prejudice operates as an adjudication on the merits for purposes of res judicata. *See Warfield v. Alliedsignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001); *Arias v. Napolitano*, 2014 WL 2987109, at *3 (S.D. Ohio July 2, 2014). The underlying action involved the same parties—Owen, United Way, and Hulbert.

And the third and fourth elements are satisfied with respect to Owen's claims for racial and disability discrimination under O.R.C. § 4112.02, disability discrimination in violation of Title VII, and wrongful termination for filing a worker's compensation claim. Owen raised these same claims in her original lawsuit and they arise out of the same transaction. Accordingly, she is barred from reasserting them in this subsequent lawsuit.

### B. Failure to Exhaust Administrative Remedies

Owen asserted a claim for disability discrimination in violation of the ADA in her original lawsuit but, according to the defendant, plaintiff stipulated to dismissal of the claim without prejudice.[2] [Record No. 14-1, p. 8 n.3] However, United Way has tendered Owen's EEOC charge showing that she made no indication whatsoever that she sought to allege disability discrimination in her administrative complaint. *See Williams v. Steak N Shake*, 2011 WL 3627165, at *3 (N.D. Ohio Aug. 17, 2011) (collecting cases which observe that court may take judicial notice of EEOC charging documents without converting motion to dismiss into a motion for summary judgment). [Record No. 14-11, p. 3]

A paintiff seeking to bring an employment discrimination claim under the ADA must first exhaust administrative remedies by filing an EEOC charge alleging such claims within 180 days of the alleged discrimination. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000). Failure to properly exhaust is an appropriate basis for dismissal of an ADA action. *Williams v. Northwest Airlines, Inc.*, 53 F. App'x 350, 351 (6th Cir. 2002). Accordingly, the defendant's motion will be granted with respect to this claim.

---

[2] United Way appears to concede that this was not adjudicated on the merits for purposes of res judicata. [*See* Record No. 14-1, p. 8 n.3]

### C. Retaliation Claim

While the Court has already concluded that Owen's retaliation claim is barred by res judicata, the defendant alternatively contends that it is time barred. Ohio Revised Code § 4123.90 prohibits employers from retaliating against employees for pursuing worker's compensation claims. That provision also provides that an action brought under this provision "shall forever be barred unless filed within [180] days immediately following the [adverse employment action]." Owen has alleged that her employment was terminated on July 17, 2018—four days after filing a worker's compensation claim. [Civil Action No. 1: 19-CV-825, Record No. 1, ¶¶ 130-31] She filed the instant action 973 days after her employment was terminated, well after the deadline established by O.R.C. § 4123.90. Accordingly, dismissal is appropriate based on the statute of limitations.

### D. Withheld Wages

Owen claims that United Way "still owes [her] over $10,000 of [her] earned labor wages from 2017" and paid her "approximately $10,000 less per year than she was promised." [Record No. 1, pp. 5, 7] In tying these factual allegations to a legal claim, she alleges that United Way violated Ohio's Prompt Pay Act, which requires employers to pay its employees in a timely manner. O.R.C. § 4113.15. However, the applicable statute of limitations is two years. *See* O.R.C. § 2305.11(A) ("An action . . . by an employee for the payment of unpaid minimum wages, unpaid overtime compensation, or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation shall be commenced within two years after the cause of action accrued."). *See also Scheck v. Maxim Healthcare Servs.*, 333 F. Supp. 3d 751, 759 (N.D. Ohio 2018) (claims under the Prompt Pay Act are subject to a two-year statute of limitations). As noted previously, this action was filed well over two years after

the termination of Owen's employment. Accordingly, the defendant's motion to dismiss will be granted.

E. **Personal Liability Claim Against Margaret Hulbert**

Owen does not formally name Margaret Hulbert as a defendant in her Complaint, but the final claim alleging "personal liability" clearly is directed at her. Construed liberally, Owen seems to allege discrimination claims against Hulbert individually under O.R.C. § 4112.02, Title VII, and the ADA. [*See* Record No. 1, p. 7.] However, the Ohio Supreme Court has determined that § 4112.02 does not impose liability on individual employees. *Hauser v. City of Dayton Police Dep't*, 17 N.E.3d 554, 271-72 (Ohio 2014). Likewise, there is no liability for individual employees under Title VII of the Civil Rights Act or the ADA. *See id.*; *Parker v. Strawser Constr., Inc.*, 307 F. Supp. 3d 744, 751-52 (S.D. Ohio 2018) (citing *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997)).

Owen's Complaint also alludes to a claim of intentional infliction of emotional distress ("IIED") against Hulbert. The elements are IIED are as follows: "intentionally or recklessly causing severe emotional distress through extreme and outrageous conduct." *Cook v. Kudlacz*, 974 N.E.2d 706, 724 (Ohio Ct. App. 2012). Although Owen makes brief reference to Hulbert "physically assault[ing]" her, she has not provided factual assertions supporting an allegation of severe emotional distress caused by Hulbert's actions. She has also failed to provide facts describing extreme and outrageous conduct that goes beyond all possible bounds of decency and is so atrocious that it is utterly intolerable in a civilized community. *See Baab v. AMR Servs. Corp.*, 811 F. Supp. 1246, 1269 (N.D. Ohio 1993) (providing Ohio's narrow definition of extreme and outrageous conduct). Accordingly, this claim will be dismissed.

### IV. Conclusion

Based on the foregoing, it is hereby

**ORDERED** that Defendant United Way's motion to dismiss [Record No. 14] is **GRANTED**. Plaintiff Serena Owen's claims asserted in this action against Defendant United Way and Margaret Hulbert are **DISMISSED** with prejudice.

Dated: May 20, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky